**20SL-CC02398**

Electronically Filed - St Louis County - April 30, 2020 - 10:55 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **SHANNON KLOOS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | Case No. |
| | ) | |
| **AHLHEIM & DORSEY, L.L.C.** | ) | |
| Serve: R/Agt. Richard P. Dorsey | ) | |
| 2209 First Capitol | ) | |
| St. Charles, MO 63301 | ) | |
| | ) | |
| Defendant. | ) | |

### PETITION

COMES NOW Plaintiff Shannon Kloos, by and through her undersigned counsel, and asserts this cause of action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), against Ahlheim & Dorsey, L.LC. and in support thereof states the following:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Shannon Kloos is an individual person currently residing in St. Louis County, Missouri.

2.     Defendant Ahlheim & Dorsey, L.LC. is a domestic limited liability company registered and in good standing with the Missouri Secretary of State.

3.     Defendant's principal business purpose is the collection of consumer debts using the mails and other instrumentalities of interstate commerce.

4.     Defendant regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

5.     This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution. MO. CONST. Art. V § 14.



EXHIBIT

A

Electronically Filed - St Louis County - April 30, 2020 - 10:55 PM

6.      This Court has statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 1692k(d).

7.      Venue is appropriate because Defendant's conduct was directed at Plaintiff in St. Louis County.

## FACTS

8.      Defendant filed and served a Petition in St. Charles County Circuit Court, case number 1911-AC03140 (hereinafter "the collection case") attempting to collect an alleged debt owed to The Family Law Group, L.L.C. by Plaintiff.

9.      Within its Petition in the collection case, Defendant alleged that Plaintiff owed a past due amount of $17,588.00.

10.     This was false.

11.     In support of this erroneous amount, Defendant attached to its Petition in the collection case an invoice purportedly showing billing by The Family Law Group, L.L.C. and a Client Retainer Agreement between The Family Law Group, L.L.C. and Plaintiff.

12.     While the invoice sought an hourly rate of $300.00 per hour for work performed by an attorney and $95.00 per hour for work performed by a paralegal, the Client Retainer Agreement reflected an hourly charge of $250.00 per hour for attorneys, with paralegals billing at $75.00 per hour.

13.     Thus, Plaintiff's own documentation contained discrepant billing rates.

14.     Defendant admitted that the $17,588.00 amount sought was false when it filed a First Amended Petition in the collection case changing the amount sought by The Family Law Group, L.L.C. to $8,218.00.

Electronically Filed - St Louis County - April 30, 2020 - 10:55 PM

15.     The only change between the original Petition and the First Amended Petition is that the invoice was revised to reflect the actual agreed-upon billing rates per the Client Retainer Agreement, which was attached to the original Petition.

16.     Thus, because Defendant has had the Client Retainer Agreement at all relevant times, it knew or should have known that the original amount sought on behalf of The Family Law Group, L.L.C. was false.

17.     Then, on December 6, 2019, Defendant filed a Second Amended Petition in the collection case, seeking a third discrepant amount of $15,713.00.

18.     The Second Amended Petition confirms that the amount sought in the original Petition was false, as well as making the amount sought in the Fist Amended Petition also a misrepresentation.

19.     Furthermore, the original Petition, the First Amended Petition, and the Second Amended Petition in the collection case sought interest of 12% per annum from May 1, 2017.

20.     Interest can only begin to accrue on an account after it becomes due and demand for payment is made.

21.     The last invoice that The Family Law Group, L.L.C. sent to Plaintiff, on January 23, 2019, showed yet another discrepant balance due of $20,588.00.

22.     Until Defendant filed the Second Amended Petition in the collection case, Plaintiff had never been provided an invoice that showed a balance due of $15,713.00.

23.     As such, interest could not be begin to accrue until December 6, 2019, when Defendant filed the Second Amended Petition in the collection case, at the earliest.

Electronically Filed - St. Louis County - April 30, 2020 - 10:55 PM

24.     Defendant knew, or should have known, that a demand for payment of the alleged outstanding balance of $15,713.00 had never been made, and that interest could not run from May 1, 2017.

25.     Furthermore, section 408.030 R.S.Mo constrains the maximum allowable interest rate, stating "Parties may agree, in writing, to a rate of interest <u>not exceeding ten percent per annum</u> on money due or to become due upon <u>any</u> <u>contract.</u>" *Section 408.030(1) R.S.Mo* (emphasis added).

26.     Defendant knew, or should have known, that an agreement to pay interest in excess of the lawful rate is invalid, unenforceable and void.

27.     On July 26, 2019, Plaintiff personally appeared in court for the first time in the collection case.

28.     After Plaintiff stated she was present, the collection case was placed on "second call," and Plaintiff spoke with Mary Elizabeth Dorsey, an attorney and employee of Defendant acting in the course and scope of her employment, in the courthouse about the alleged debt.

29.     The July 26, 2019 conversation was the first communication, as that term is used in 15 U.S.C. § 1692a(2), between Plaintiff and Defendant regarding the alleged debt owed to The Family Law Group, L.L.C.

30.     Within five days of July 26, 2019, Defendant was therefore required to send Plaintiff a written notice apprising her of, among other things, her right to dispute and request verification of the debt.

31.     Pursuant to 15 U.S.C. § 1692g(a), this notice must be sent, regardless of the appropriateness or futility of sending such a notice letter. *See Bland v. LVNV Funding*, LLC, 128 F. Supp. 3d 1152, 1157, n.3 (E.D. Mo. 2015).

Electronically Filed - St. Louis County - April 30, 2020 - 10:55 PM

32.     Defendant failed to send Plaintiff any written correspondence containing the requisite disclosures under 15 U.S.C. § 1692g(a) regarding an alleged debt owed to The Family Law Group, L.L.C.

33.     Defendant's collection conduct as recited herein caused Plaintiff a concrete injury by misleading her and preventing her from exercising her dispute and verification rights.

34.     Had Defendant properly sent Plaintiff notice of her right to dispute the debt within five days of their initial collection communication on July 26, 2019, Plaintiff would have immediately done so, because the amount sought by Defendant as of that date was greater than the actual amount The Family Law Group, L.L.C. could seek.

35.     Defendant's unlawful collection attempts caused Plaintiff to suffer statutory damages under 15 U.S.C. § 1692k in the amount of $1,000.00, plus actual damages for anxiety, frustration, and worry, and the attorney's fees she incurred in the collection lawsuit.

### COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

36.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

37.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3).

38.     Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

39.     The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

40.     In its attempt to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 *et. seq.*, including, but not limited to, the following:

    a.  Failing to provide Plaintiff written notice of her dispute and verification rights within five days of the initial collection communication, in violation of 15 U.S.C. § 1692g(a);

Electronically Filed - St Louis County - April 30, 2020 - 10:55 PM

b. Falsely representing the amount and character of the alleged debt within the collection case, in violation of 15 U.S.C. § 1962e(2)(A)

a. Taking action that cannot be legally taken, in violation of 15 U.S.C. § 1692e(5);

b. Using deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10);

c. Failing to disclose, in the initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, in violation of 15 U.S.C. § 1692e(11); and

d. Using unfair collection practices in violation of 15 U.S.C. § 1692f(1).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and in favor of Plaintiff that Defendant's conduct violated the FDCPA, for statutory damages, actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and for such other relief as the Court may deem just and proper.

Respectfully submitted,

**BRODY & CORNWELL**

Bryan E. Brody, Mo. Bar No. 57580
Alexander J. Cornwell, Mo. Bar No. 64793
7730 Carondelet Avenue, Suite 135
Clayton, MO  63105
(314) 932-1068
Fax: (314) 228-0338
BBrody@BrodyandCornwell.com
ACornwell@BrodyandCornwell.com
*Attorneys for Plaintiff*

Electronically Filed - St Louis County - April 30, 2020 - 10:55 PM

**20SL-CC02398**

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

SHANNON KLOOS
Plaintiff/Petitioner

Date

Case Number

vs.

ALHEIM & DORSEY, L.L.C.
Defendant/Respondent

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Shannon Kloos                                    , pursuant
                          Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Marybeth Rice, Richard A Raymond, Gary Tillman   1528 S. Big Bend Blvd. Richmond Heights, MO  63117   314-918-0448
Name of Process Server                                      Address                                                    Telephone

Kathleen Landgon, Martin Hueckel, Darren Thebeau,   1528 S. Big Bend Blvd. Richmond Heights, MO  63117   314-644-3955
Name of Process Server                          Address or in the Alternative                                   Telephone

Pat Medley,  Kim Rice, Lawrence G Roth, Richard Hopson  1528 S. Big Bend Blvd. Richmond Heights, MO  63117   314-644-3955
Name of Process Server                          Address or in the Alternative                                   Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                              SERVE:
 Defendnat Alheim & Dorsey, L.L.C.
Name                                                Name
 c/o R.Agt. Richard P. Dorsey, 2209 First Capitol
Address                                             Address
 St. Charles, MO 63301
City/State/Zip                                      City/State/Zip

SERVE:                                              SERVE:

Name                                                Name

Address                                             Address

City/State/Zip                                      City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

/S/ BRYAN E. BRODY
Signature of Attorney/Plaintiff/Petitioner
 57580
Bar No.
By _____                           7730 CARONDELET AVE-SUITE135, CLAYTON, MO 63105
          Deputy Clerk                              Address
                                                    (314) 932-1068          (314) 228-0338
_____                           Phone No.                          Fax No.
Date

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - April 30, 2020 - 10:55 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

**20SL-CC02398**

Electronically Filed - St. Louis County - April 30, 2020 - 10:55 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

SHANNON KLOOS
Plaintiff/Petitioner

vs.

ALHEIM & DORSEY, L.L.C.
Defendant/Respondent

Date _____

Case Number _____

Division _____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Shannon Kloos _____, pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Marybeth Rice, Richard A Raymond, Gary Tillman   1528 S. Big Bend Blvd. Richmond Heights, MO  63117   314-918-0448
Name of Process Server                              Address                                              Telephone

Kathleen Landgon, Martin Hueckel, Darren Thebeau,   1528 S. Big Bend Blvd. Richmond Heights, MO  63117   314-644-3955
Name of Process Server                              Address or in the Alternative                        Telephone

Pat Medley,  Kim Rice, Lawrence G Roth, Richard Hopson  1528 S. Big Bend Blvd. Richmond Heights, MO  63117   314-644-3955
Name of Process Server                              Address or in the Alternative                        Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
Defendnat Alheim & Dorsey, L.L.C.
Name
c/o R.Agt. Richard P. Dorsey, 2209 First Capitol
Address
St. Charles, MO 63301
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By  **/s/Adam Dockery**
Deputy Clerk

5/7/2020
Date

/S/ BRYAN E. BRODY
Signature of Attorney/Plaintiff/Petitioner
57580
Bar No.
7730 CARONDELET AVE-SUITE135, CLAYTON, MO 63105
Address
(314) 932-1068          (314) 228-0338
Phone No.                    Fax No.

CCADM62-WS   Rev. 08/16

Electronically Filed - St Louis County - April 30, 2020 - 10:55 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number:  20SL-CC02398 |
|---|---|
| Plaintiff/Petitioner:<br>SHANNON KLOOS | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>7730 CARONDELET AVE.<br>SUITE 135<br>ST. LOUIS, MO  63105 |
| vs. | |
| Defendant/Respondent:<br>ALHEIM & DORSEY, L.L.C. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  ALHEIM & DORSEY, L.L.C.**
                        **Alias:**

**SERVE R/AGT RICHARD DORSEY**
**2209 FIRST CAPITOL**
**ST. CHARLES, MO  63301**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
       **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

    <u>07-MAY-2020</u>
      **Date**                                                       _____
                                                                        Clerk

    **Further Information:**
    **AD**

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                 _____
    Printed Name of Sheriff or Server                        Signature of Sheriff or Server

        **Must be sworn before a notary public if not served by an authorized officer:**

       Subscribed and sworn to before me on _____ (date).

*(Seal)*

       My commission expires: _____         _____
                                                        Date                                                Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - August 31, 2020 - 03:54 PM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>DAVID L VINCENT III | Case Number: 20SL-CC02398 |
|---|---|
| Plaintiff/Petitioner:<br>SHANNON KLOOS | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>7730 CARONDELET AVE.<br>SUITE 135<br>ST. LOUIS, MO 63105 |
| vs. | |
| Defendant/Respondent:<br>ALHEIM & DORSEY, L.L.C. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Contract-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **ALHEIM & DORSEY, L.L.C.**
Alias:
**SERVE R/AGT RICHARD DORSEY**
**2209 FIRST CAPITOL**
**ST. CHARLES, MO 63301**

**COURT SEAL OF**



**ST. LOUIS COUNTY**

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>07-MAY-2020</u>
Date

Further Information:
AD

                                          Clerk

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

                                     (name)                             (title).

☒ other _Not served Due to Covid 19_
Not Served at _2209 First Capital Drive St Charles MO 63301_ (address)
in _St Charles_ (County/City of St. Louis). MO, on _June 2020_ (date) at _4:45 PM_ (time).
_Marybeth Vice_                          _(signature)_
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _8/31/2020_ (date).
My commission expires: _4/4/2023_
         Date                                  Notary Public

RICHARD A. RAYMOND
NOTARY PUBLIC
My Commission Expires
4/4/2023
NOTARY SEAL
15167992
Jefferson County
STATE OF MISSOURI

Electronically Filed - St Louis County - August 31, 2020 - 04:02 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

SHANNON KLOOS
Plaintiff/Petitioner

┌                    ┐  For File Stamp Only

Date

Case Number

vs.

Division

ALHEIM & DORSEY, L.L.C.
Defendant/Respondent

└                    ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Shannon Kloos                                            , pursuant
          Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

 Marybeth Rice, Richard A Raymond, Gary Tillman   1528 S. Big Bend Blvd. Richmond Heights, MO  63117   314-918-0448
Name of Process Server                            Address                                            Telephone

 Kathleen Landgon, Martin Hueckel, Darren Thebeau,   1528 S. Big Bend Blvd. Richmond Heights, MO  63117       314-644-3955
Name of Process Server                               Address or in the Alternative                            Telephone

 Pat Medley,  Kim Rice, Lawrence G Roth, Richard Hopson  1528 S. Big Bend Blvd. Richmond Heights, MO  63117   314-644-3955
Name of Process Server                                  Address or in the Alternative                         Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                    SERVE:
 Defendnat Alheim & Dorsey, L.L.C.
Name                                      Name
 c/o R.Agt. Richard P. Dorsey, 2209 First Capitol
Address                                   Address
 St. Charles, MO 63301
City/State/Zip                            City/State/Zip

SERVE:                                    SERVE:

Name                                      Name

Address                                   Address

City/State/Zip                            City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk              /S/ BRYAN E. BRODY
                                          Signature of Attorney/Plaintiff/Petitioner
                                           57580
                                          Bar No.
By _____             7730 CARONDELET AVE-SUITE135, CLAYTON, MO 63105
   Deputy Clerk                           Address
                                           (314) 932-1068          (314) 228-0338
_____               Phone No.                Fax No.
Date

CCADM62-WS   Rev. 08/16

Electronically Filed - St. Louis County - August 31, 2020 - 04:02 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)   Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)   The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)   Appointments may list more than one server as alternates.

(B)   The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)   Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)   No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)   Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)   This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - August 31, 2020 - 04:02 PM

In the

# CIRCUIT COURT
## Of St. Louis County, Missouri

<u>SHANNON KLOOS</u>
Plaintiff/Petitioner

Date _____

Case Number _____

vs.

<u>ALHEIM & DORSEY, L.L.C.</u>
Defendant/Respondent

Division _____

For File Stamp Only

## <u>REQUEST FOR APPOINTMENT OF PROCESS SERVER</u>

Comes now <u>Plaintiff Shannon Kloos</u>, pursuant
                        Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

<u>Marybeth Rice, Richard A Raymond, Gary Tillman</u>  1528 S. Big Bend Blvd. Richmond Heights, MO  63117   314-918-0448
Name of Process Server                                   Address                                                              Telephone

<u>Kathleen Landgon, Martin Hueckel, Darren Thebeau,</u>    1528 S. Big Bend Blvd. Richmond Heights, MO  63117      314-644-3955
Name of Process Server                                  Address or in the Alternative                                        Telephone

<u>Pat Medley,  Kim Rice, Lawrence G Roth, Richard Hopson</u> 1528 S. Big Bend Blvd. Richmond Heights, MO  63117   314-644-3955
Name of Process Server                                  Address or in the Alternative                                        Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
<u>Defendnat Alheim & Dorsey, L.L.C.</u>
Name
<u>c/o R.Agt. Richard P. Dorsey, 2209 First Capitol</u>
Address
<u>St. Charles, MO 63301</u>
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By ***/s/Gwendolyn Y. Bailey***
        Deputy Clerk
        09-01-2020
Date

***/S/ BRYAN E. BRODY***
Signature of Attorney/Plaintiff/Petitioner
57580
Bar No.
7730 CARONDELET AVE-SUITE135, CLAYTON, MO 63105
Address
(314) 932-1068          (314) 228-0338
Phone No.                        Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St. Louis County - August 31, 2020 - 04:02 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.



### IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number:  20SL-CC02398 |
|---|---|
| Plaintiff/Petitioner:<br>SHANNON KLOOS | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>7730 CARONDELET AVE.<br>SUITE 135<br>ST. LOUIS, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br> ALHEIM & DORSEY, L.L.C. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  ALHEIM & DORSEY, L.L.C.
        Alias:

**SERVE R/AGT RICHARD DORSEY**
**2209 FIRST CAPITOL**
**ST. CHARLES, MO  63301**



***COURT SEAL OF***

***ST. LOUIS COUNTY***

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>01-SEP-2020</u>
**Date**

_____
Clerk

**Further Information:**
**GB**

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*        Subscribed and sworn to before me on _____ (date).

        My commission expires: _____        _____
                                                Date                        Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

Electronically Filed - St Louis County - September 29, 2020 - 12:18 PM

**STATE OF MISSOURI**
**County of St. Louis**
**21st Judicial Circuit**
Docket number 20SL-CC02398

*289724*

Shannon Kloos

Plaintiff,                                          AFFIDAVIT OF SERVICE

vs.

**Alheim & Dorsey LLC,**

Defendant,

————————————————/

I, Marybeth Rice  affirm and depose that I am a Process Server 18 years of age or over who is not a party to the action.

I hereby certify and return that as of 09/23/2020 at 9:35 AM, all attempts for service of process of the Summons and Petition - Circuit upon **Alheim & Dorsey LLC, Registered Agent -  Richard P Dorsey** at all addresses known or provided have not been successful therefore I am returning this paper as non served.

Office Closed Due to Covid19 per sign on window, call for appointment.  Unable to get appointment.

I certify that the foregoing statements made by me are true, correct and my free act and deed.

_____
Marybeth Rice

The foregoing affidavit sworn and subscribed before me today, September 23, 2020

_____        _____        _____
Samantha Lynne Clark                  Marybeth Rice                          Richard A. Raymond



RICHARD A. RAYMOND
My Commission Expires 4/4/2023
NOTARY PUBLIC
NOTARY SEAL
15167992
Jefferson County
STATE OF MISSOURI

Electronically Filed - St Louis County - September 29, 2020 - 12:18 PM



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number:  20SL-CC02398 |
|---|---|
| Plaintiff/Petitioner:<br>SHANNON KLOOS | Plaintiff's Petitioner's Attorney Address<br>BRYAN ETHAN BRODY<br>7730 CARONDELET AVE.<br>SUITE 135<br>ST. LOUIS, MO  63105 |
| | vs. |
| Defendant/Respondent:<br>ALHEIM & DORSEY, L.L.C. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Contract-Other | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  ALHEIM & DORSEY, L.L.C.
                          Alias:

SERVE R/AGT RICHARD DORSEY
2209 FIRST CAPITOL
ST. CHARLES, MO 63301

*COURT SEAL OF*



*ST. LOUIS COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>01-SEP-2020</u>
**Date**

_____
**Clerk**

Further Information:
GB

---

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant Respondent with _____ a person of the Defendant's Respondent's family over the age of 15 years who permanently resides with the Defendant Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)        Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                        Date                Notary Public

Electronically Filed - St Louis County - September 29, 2020 - 02:16 PM

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **SHANNON KLOOS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No: 1922-CC02398** |
| | ) | |
| **ALHEIM & DORSEY, LLC** | ) | **Division No: 9** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ALIAS SUMMONS

Alias summons to be issued on Defendant ALHEIM & DORSEY, LLC to be served by

the Sheriff of Cole County, P.O. Box 426, Jefferson City, Missouri 65102, by using the Secretary

of State of Missouri as agent for substitute service upon Alheim & Dorsey, LLC at the following

address:

**SECRETARY OF STATE OF MISSOURI**
As agent for Sustitute Service upon
**ALHEIM & DORSEY, LLC**
**600 W. Main, Room 322**
**Jefferson City, MO 65101**


Returnable:_____

BRODY & CORNWELL
/s/ Bryan E. Brody
Bryan E. Brody, #57580
Alexander J. Cornwell, #64793
7730 Carondelet, Ste. 135
St. Louis, MO 63105
Ph: (314) 932-1068
Fax: (314) 228-0338
BBrody@BrodyandCornwell.com
ACornwell@BrodyandCornwell.com
*Attorneys for Plaintiff*

**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>DAVID L VINCENT III | Case Number: 20SL-CC02398 |
|---|---|
| Plaintiff/Petitioner:<br>SHANNON KLOOS | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>7730 CARONDELET AVE.<br>SUITE 135<br>ST. LOUIS, MO 63105 |
| vs. | |
| Defendant/Respondent:<br>ALHEIM & DORSEY, L.L.C. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Contract-Other | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  ALHEIM & DORSEY, L.L.C.
                        Alias:
**SECRETARY OF STATE OF MISSOURI**
**600 WEST MAIN**
**ROOM 322**
**JEFFERSON CITY, MO 65101**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>01-OCT-2020</u>
**Date**                                                        _____
                                                                    Clerk
**Further Information:**
**CD**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
    Printed Name of Sheriff or Server                        Signature of Sheriff or Server
            **Must be sworn before a notary public if not served by an authorized officer:**
*(Seal)*        Subscribed and sworn to before me on _____ (date).
            My commission expires: _____        _____
                                        Date                                Notary Public

**Sheriff's Fees, if applicable**

Summons                              $_____

Non Est                              $_____

Sheriff's Deputy Salary

Supplemental Surcharge               $_____10.00_____

Mileage                              $_____  (_____ miles @ $._____ per mile)

**Total**                            $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

FILED

| Judge or Division: DAVID L VINCENT III | Case Number: 20SL-CC02398 | **OCT 2 8 2020** |
|---|---|---|

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

RECEIVED
OCT 08 2020
COLE COUNTY
SHERIFF'S OFFICE
(Date File Stamp)

| Plaintiff/Petitioner: SHANNON KLOOS | Plaintiff's/Petitioner's Attorney/Address BRYAN ETHAN BRODY 7730 CARONDELET AVE. SUITE 135 ST. LOUIS, MO 63105 |
|---|---|
| vs. | |
| Defendant/Respondent: ALHEIM & DORSEY, L.L.C. | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Contract-Other | |

## Summons in Civil Case

The State of Missouri to:  ALHEIM & DORSEY, L.L.C.
Alias:
SECRETARY OF STATE OF MISSOURI
600 WEST MAIN
ROOM 322
JEFFERSON CITY, MO 65101



COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

01-OCT-2020
Date

Further Information:
CD

_____ Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
Gwen Settle (name) Designee (title).

☐ other _____

Served at 600 W Main St Jefferson City Mo 65101 (address)

in Cole (County/City of St. Louis), MO, on 10-09-2020 (date) at 11:25 AM (time).

Sheriff M.S. Wheeler          By Dep. John Stroebel 81
Printed Name of Sheriff or Server          Signature of Sheriff or Server

(Seal)

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date          Notary Public



| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $ | ( _____ miles @ $._____ per mile) |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73